UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

FRANCINE L. :
:
v. : C.A. No. 17-00400-JJM
:
NANCY A. BERRYHILL, Acting :
Commissioner of the Social Security :
Administration :

**REPORT AND RECOMMENDATION**

Lincoln D. Almond, United States Magistrate Judge

This matter is before the Court for judicial review of a final decision of the Commissioner of the Social Security Administration ("Commissioner") denying Disability Insurance Benefits ("DIB") and Supplemental Security Insurance ("SSI") under the Social Security Act (the "Act"), 42 U.S.C. § 405(g). Plaintiff filed her Complaint on August 28, 2017 seeking to reverse the Decision of the Commissioner. On April 17, 2018, Plaintiff filed a Motion for Reversal of the Disability Determination of the Commissioner. (ECF Doc. No. 10). On July 18, 2018, the Commissioner filed a Motion for an Order Affirming the Decision of the Commissioner. (ECF Doc. No. 14). Plaintiff filed a Reply on August 15, 2018. (Document No. 15).

This matter has been referred to me for preliminary review, findings and recommended disposition. 28 U.S.C. § 636(b)(1)(B); LR Cv 72. Based upon my review of the record, the parties' submissions and independent research, I find that there is not substantial evidence in this record to support the Commissioner's decision and findings that Plaintiff is not disabled within the meaning of the Act. Consequently, I recommend that Plaintiff's Motion for Reversal (ECF Doc. No. 10) be GRANTED and that the Commissioner's Motion to Affirm (ECF Doc. No. 14) be DENIED.

**I.    PROCEDURAL HISTORY**

Plaintiff filed applications for DIB and SSI on July 9, 2014 (Tr. 250-251, 257-265) alleging disability since May 1, 2014. The applications were denied initially on November 5, 2014 (Tr. 150-162, 163-175) and on reconsideration on February 4, 2015. (Tr. 178-187, 188-197). Plaintiff requested an Administrative Hearing. On March 24, 2016, a hearing was held before Administrative Law V. Paul McGinn (the "ALJ") at which time Plaintiff, represented by counsel, and a Vocational Expert ("VE") and Medical Expert ("ME") appeared and testified. (Tr. 118-141). The ALJ issued an unfavorable decision to Plaintiff on May 10, 2016. (Tr. 22-43). The Appeals Council denied Plaintiff's request for review on June 29, 2017. (Tr. 1-7). Therefore, the ALJ's decision became final. A timely appeal was then filed with this Court.

**II.    THE PARTIES' POSITIONS**

Plaintiff argues that the ALJ erred in several ways including his Step 2 determination that she did not have a "severe" mental impairment, his evaluation of the opinion evidence and his evaluation of her credibility.

The Commissioner disputes Plaintiff's claims and contends that the ALJ's conclusions are supported by substantial evidence and must be affirmed.

**III.    THE STANDARD OF REVIEW**

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is more than a scintilla – i.e., the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. Ortiz v. Sec'y of Health and Human Servs., 955 F.2d 765, 769 (1st Cir. 1991) (per curiam); Rodriguez v. Sec'y of Health and Human Servs., 647 F.2d 218, 222 (1st Cir. 1981).

Where the Commissioner's decision is supported by substantial evidence, the court must affirm, even if the court would have reached a contrary result as finder of fact. Rodriguez Pagan v. Sec'y of Health and Human Servs., 819 F.2d 1, 3 (1st Cir. 1987); Barnes v. Sullivan, 932 F.2d 1356, 1358 (11th Cir. 1991). The court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. Frustaglia v. Sec'y of Health and Human Servs., 829 F.2d 192, 195 (1st Cir. 1987); Parker v. Bowen, 793 F.2d 1177 (11th Cir. 1986) (court also must consider evidence detracting from evidence on which Commissioner relied).

The court must reverse the ALJ's decision on plenary review, however, if the ALJ applies incorrect law, or if the ALJ fails to provide the court with sufficient reasoning to determine that he or she properly applied the law. Nguyen v. Chater, 172 F.3d 31, 35 (1st Cir. 1999) (per curiam); accord Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991). Remand is unnecessary where all of the essential evidence was before the Appeals Council when it denied review, and the evidence establishes without any doubt that the claimant was disabled. Seavey v. Barnhart, 276 F.3d 1, 11 (1st Cir. 2001) citing, Mowery v. Heckler, 771 F.2d 966, 973 (6th Cir. 1985).

The court may remand a case to the Commissioner for a rehearing under sentence four of 42 U.S.C. § 405(g); under sentence six of 42 U.S.C. § 405(g); or under both sentences. Seavey, 276 F.3d at 8. To remand under sentence four, the court must either find that the Commissioner's decision is not supported by substantial evidence, or that the Commissioner incorrectly applied the law relevant to the disability claim. Id.; accord Brenem v. Harris, 621 F.2d 688, 690 (5th Cir. 1980) (remand appropriate where record was insufficient to affirm, but also was insufficient for district court to find claimant disabled).

Where the court cannot discern the basis for the Commissioner's decision, a sentence-four remand may be appropriate to allow her to explain the basis for her decision. Freeman v. Barnhart,

274 F.3d 606, 609-610 (1st Cir. 2001). On remand under sentence four, the ALJ should review the case on a complete record, including any new material evidence. Diorio v. Heckler, 721 F.2d 726, 729 (11th Cir. 1983) (necessary for ALJ on remand to consider psychiatric report tendered to Appeals Council). After a sentence four remand, the court enters a final and appealable judgment immediately, and thus loses jurisdiction. Freeman, 274 F.3d at 610.

In contrast, sentence six of 42 U.S.C. § 405(g) provides:

> The court...may at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding;

42 U.S.C. § 405(g). To remand under sentence six, the claimant must establish: (1) that there is new, non-cumulative evidence; (2) that the evidence is material, relevant and probative so that there is a reasonable possibility that it would change the administrative result; and (3) there is good cause for failure to submit the evidence at the administrative level. See Jackson v. Chater, 99 F.3d 1086, 1090-1092 (11th Cir. 1996).

A sentence six remand may be warranted, even in the absence of an error by the Commissioner, if new, material evidence becomes available to the claimant. Id. With a sentence six remand, the parties must return to the court after remand to file modified findings of fact. Id. The court retains jurisdiction pending remand, and does not enter a final judgment until after the completion of remand proceedings. Id.

**IV.  THE LAW**

The law defines disability as the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months.

42 U.S.C. §§ 416(i), 423(d)(1); 20 C.F.R. § 404.1505. The impairment must be severe, making the claimant unable to do her previous work, or any other substantial gainful activity which exists in the national economy. 42 U.S.C. § 423(d)(2); 20 C.F.R. §§ 404.1505-404.1511.

### A. Treating Physicians

Substantial weight should be given to the opinion, diagnosis and medical evidence of a treating physician unless there is good cause to do otherwise. See Rohrberg v. Apfel, 26 F. Supp. 2d 303, 311 (D. Mass. 1998); 20 C.F.R. § 404.1527(d). If a treating physician's opinion on the nature and severity of a claimant's impairments, is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in the record, the ALJ must give it controlling weight. 20 C.F.R. § 404.1527(d)(2). The ALJ may discount a treating physician's opinion or report regarding an inability to work if it is unsupported by objective medical evidence or is wholly conclusory. See Keating v. Sec'y of Health and Human Servs., 848 F.2d 271, 275-276 (1st Cir. 1988).

Where a treating physician has merely made conclusory statements, the ALJ may afford them such weight as is supported by clinical or laboratory findings and other consistent evidence of a claimant's impairments. See Wheeler v. Heckler, 784 F.2d 1073, 1075 (11th Cir. 1986). When a treating physician's opinion does not warrant controlling weight, the ALJ must nevertheless weigh the medical opinion based on the (1) length of the treatment relationship and the frequency of examination; (2) the nature and extent of the treatment relationship; (3) the medical evidence supporting the opinion; (4) consistency with the record as a whole; (5) specialization in the medical conditions at issue; and (6) other factors which tend to support or contradict the opinion. 20 C.F.R § 404.1527©. However, a treating physician's opinion is generally entitled to more weight than a consulting physician's opinion. See 20 C.F.R. § 404.1527(c)(2).

The ALJ is required to review all of the medical findings and other evidence that support a medical source's statement that a claimant is disabled. However, the ALJ is responsible for making the ultimate determination about whether a claimant meets the statutory definition of disability. 20 C.F.R. § 404.1527(e). The ALJ is not required to give any special significance to the status of a physician as treating or non-treating in weighing an opinion on whether the claimant meets a listed impairment, a claimant's residual functional capacity (see 20 C.F.R. §§ 404.1545 and 404.1546), or the application of vocational factors because that ultimate determination is the province of the Commissioner. 20 C.F.R. § 404.1527(e). See also Dudley v. Sec'y of Health and Human Servs., 816 F.2d 792, 794 (1st Cir. 1987).

### B. Developing the Record

The ALJ has a duty to fully and fairly develop the record. Heggarty v. Sullivan, 947 F.2d 990, 997 (1st Cir. 1991). The Commissioner also has a duty to notify a claimant of the statutory right to retained counsel at the social security hearing, and to solicit a knowing and voluntary waiver of that right if counsel is not retained. See 42 U.S.C. § 406; Evangelista v. Sec'y of Health and Human Servs., 826 F.2d 136, 142 (1st Cir. 1987). The obligation to fully and fairly develop the record exists if a claimant has waived the right to retained counsel, and even if the claimant is represented by counsel. Id. However, where an unrepresented claimant has not waived the right to retained counsel, the ALJ's obligation to develop a full and fair record rises to a special duty. See Heggarty, 947 F.2d at 997, citing Currier v. Sec'y of Health Educ. and Welfare, 612 F.2d 594, 598 (1st Cir. 1980).

### C. Medical Tests and Examinations

The ALJ is required to order additional medical tests and exams only when a claimant's medical sources do not give sufficient medical evidence about an impairment to determine whether the claimant is disabled. 20 C.F.R. § 416.917; see also Conley v. Bowen, 781 F.2d 143, 146 (8th Cir.

1986).  In fulfilling his duty to conduct a full and fair inquiry, the ALJ is not required to order a consultative examination unless the record establishes that such an examination is necessary to enable the ALJ to render an informed decision.  Carrillo Marin v. Sec'y of Health and Human Servs., 758 F.2d 14, 17 (1st Cir. 1985).

      **D.**      **The Five-step Evaluation**

The ALJ must follow five steps in evaluating a claim of disability.  See 20 C.F.R. §§ 404.1520, 416.920.  First, if a claimant is working at a substantial gainful activity, she is not disabled.  20 C.F.R. § 404.1520(b).  Second, if a claimant does not have any impairment or combination of impairments which significantly limit her physical or mental ability to do basic work activities, then she does not have a severe impairment and is not disabled.  20 C.F.R. § 404.1520(c).  Third, if a claimant's impairments meet or equal an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1, she is disabled.  20 C.F.R. § 404.1520(d).  Fourth, if a claimant's impairments do not prevent her from doing past relevant work, she is not disabled.  20 C.F.R. § 404.1520(e).  Fifth, if a claimant's impairments (considering her residual functional capacity, age, education, and past work) prevent her from doing other work that exists in the national economy, then she is disabled.  20 C.F.R. § 404.1520(f).  Significantly, the claimant bears the burden of proof at steps one through four, but the Commissioner bears the burden at step five.  Wells v. Barnhart, 267 F. Supp. 2d 138, 144 (D. Mass. 2003) (five-step process applies to both SSDI and SSI claims).

In determining whether a claimant's physical and mental impairments are sufficiently severe, the ALJ must consider the combined effect of all of the claimant's impairments, and must consider any medically severe combination of impairments throughout the disability determination process. 42 U.S.C. § 423(d)(2)(B).  Accordingly, the ALJ must make specific and well-articulated findings as

to the effect of a combination of impairments when determining whether an individual is disabled. Davis v. Shalala, 985 F.2d 528, 534 (11th Cir. 1993).

The claimant bears the ultimate burden of proving the existence of a disability as defined by the Social Security Act. Seavey, 276 F.3d at 5. The claimant must prove disability on or before the last day of her insured status for the purposes of disability benefits. Deblois v. Sec'y of Health and Human Servs., 686 F.2d 76 (1st Cir. 1982), 42 U.S.C. §§ 416(i)(3), 423(a), (c). If a claimant becomes disabled after she has lost insured status, her claim for disability benefits must be denied despite her disability. Id.

### E. Other Work

Once the ALJ finds that a claimant cannot return to her prior work, the burden of proof shifts to the Commissioner to establish that the claimant could perform other work that exists in the national economy. Seavey, 276 F.3d at 5. In determining whether the Commissioner has met this burden, the ALJ must develop a full record regarding the vocational opportunities available to a claimant. Allen v. Sullivan, 880 F.2d 1200, 1201 (11th Cir. 1989). This burden may sometimes be met through exclusive reliance on the Medical-Vocational Guidelines (the "grids"). Seavey, 276 F.3d at 5. Exclusive reliance on the "grids" is appropriate where the claimant suffers primarily from an exertional impairment, without significant non-exertional factors. Id.; see also Heckler v. Campbell, 461 U.S. 458, 103 S. Ct. 1952, 76 L.Ed.2d 66 (1983) (exclusive reliance on the grids is appropriate in cases involving only exertional impairments, impairments which place limits on an individual's ability to meet job strength requirements).

Exclusive reliance is not appropriate when a claimant is unable to perform a full range of work at a given residual functional level or when a claimant has a non-exertional impairment that significantly limits basic work skills. Nguyen, 172 F.3d at 36. In almost all of such cases, the

Commissioner's burden can be met only through the use of a vocational expert. Heggarty, 947 F.2d at 996. It is only when the claimant can clearly do unlimited types of work at a given residual functional level that it is unnecessary to call a vocational expert to establish whether the claimant can perform work which exists in the national economy. See Ferguson v. Schweiker, 641 F.2d 243, 248 (5th Cir. 1981). In any event, the ALJ must make a specific finding as to whether the non-exertional limitations are severe enough to preclude a wide range of employment at the given work capacity level indicated by the exertional limitations.

**1.  Pain**

"Pain can constitute a significant non-exertional impairment." Nguyen, 172 F.3d at 36. Congress has determined that a claimant will not be considered disabled unless he furnishes medical and other evidence (e.g., medical signs and laboratory findings) showing the existence of a medical impairment which could reasonably be expected to produce the pain or symptoms alleged. 42 U.S.C. § 423(d)(5)(A). The ALJ must consider all of a claimant's statements about his symptoms, including pain, and determine the extent to which the symptoms can reasonably be accepted as consistent with the objective medical evidence. 20 C.F.R. § 404.1528. In determining whether the medical signs and laboratory findings show medical impairments which reasonably could be expected to produce the pain alleged, the ALJ must apply the First Circuit's six-part pain analysis and consider the following factors:

>  (1)   The nature, location, onset, duration, frequency, radiation, and intensity of any pain;
>
>  (2)   Precipitating and aggravating factors (e.g., movement, activity, environmental conditions);
>
>  (3)   Type, dosage, effectiveness, and adverse side-effects of any pain medication;
>
>  (4)   Treatment, other than medication, for relief of pain;

(5) Functional restrictions; and

(6) The claimant's daily activities.

Avery v. Sec'y of Health and Human Servs., 797 F.2d 19, 29 (1st Cir. 1986). An individual's statement as to pain is not, by itself, conclusive of disability. 42 U.S.C. § 423(d)(5)(A).

### 2. Credibility

Where an ALJ decides not to credit a claimant's testimony about pain, the ALJ must articulate specific and adequate reasons for doing so, or the record must be obvious as to the credibility finding. Rohrberg, 26 F. Supp. 2d at 309. A reviewing court will not disturb a clearly articulated credibility finding with substantial supporting evidence in the record. See Frustaglia, 829 F.2d at 195. The failure to articulate the reasons for discrediting subjective pain testimony requires that the testimony be accepted as true. See DaRosa v. Sec'y of Health and Human Servs., 803 F.2d 24 (1st Cir. 1986).

A lack of a sufficiently explicit credibility finding becomes a ground for remand when credibility is critical to the outcome of the case. See Smallwood v. Schweiker, 681 F.2d 1349, 1352 (11th Cir. 1982). If proof of disability is based on subjective evidence and a credibility determination is, therefore, critical to the decision, "the ALJ must either explicitly discredit such testimony or the implication must be so clear as to amount to a specific credibility finding." Foote v. Chater, 67 F.3d 1553, 1562 (11th Cir. 1995) (quoting Tieniber v. Heckler, 720 F.2d 1251, 1255 (11th Cir. 1983)).

### V. APPLICATION AND ANALYSIS

#### A. The ALJ's Decision

The ALJ decided this case adverse to Plaintiff at Step 5. At Step 2, the ALJ determined that Plaintiff's spine disorder, cardiac disorder with fair exercise tolerance and obesity were "severe" impairments as defined in 20 C.F.R. §§ 404.1520(c) and 416.920(c). (Tr. 28). The ALJ concluded

that Plaintiff's affective disorder and history of substance addiction disorder were not "severe" impairments. Id. As to RFC, the ALJ found that Plaintiff was able to perform a limited range of sedentary work. (Tr. 31). While this RFC precluded Plaintiff's past relevant work, the ALJ concluded at Step 5 that Plaintiff could transition to other unskilled sedentary jobs available in the economy. (Tr. 37-38). Thus, the ALJ ruled that Plaintiff was not disabled within the meaning of the Social Security Act. (Tr. 38).

### B. Substantial Evidence Does Not Support the ALJ's Step 2 Finding

Plaintiff primarily takes issue with the ALJ's Step 2 determination that her affective disorder and history of substance abuse addiction disorder were non-severe impairments. She also claims error in the ALJ's evaluation of the opinions from her treating psychiatrist and treating therapists and their underlying treatment records.

In making his Step 2 determination, the ALJ relied primarily on the opinions of the consulting psychologists. (Tr. 29). He gave their opinions "considerable weight" because they were supported by the overall evidence of record. Id. In particular, on November 3, 2014, Dr. Coyle found that Plaintiff had no severe mental impairments based on the records available to her at the time. (Exh. 1A). On December 22, 2014, Dr. Clifford affirmed such opinion on reconsideration. (Exh. 5A). At the time, the record as to Plaintiff's mental health impairments was limited to a September 16, 2014 consultative report from Dr. Parsons (Exh. 6F) and notes from Plaintiff's first few sessions with Ms. Howett, a therapist. (Exh. 8F). Dr. Parsons noted that Plaintiff received medication for depression and bipolar disorder and that Plaintiff reported that the medication "helps, but I still have my ups and downs." (Tr. 377). He also noted that she was not currently seeing a psychiatrist but had in the past to be evaluated for medications and "recently started receiving outpatient psychotherapy." (Tr. 381). Dr. Parsons found mild to moderate anxiety, moderate

depression and the presence of criterion for a mood disorder, i.e., bipolar. (Tr. 382). He assessed a GAF of 55 reflecting moderate symptoms. (Tr. 385). Plaintiff also has a history of substance addiction. She was receiving methadone treatment but relapsed in late 2015/early 2016. (Exh. 25F). She subsequently commenced suboxone treatment. (Tr. 620, 683).

The ALJ determined at Step 2 that Plaintiff's mental impairments were "non-severe" within the meaning of 20 C.F.R. §§ 404.1520(c). An impairment is not "severe" when it does not significantly limit a claimant's physical or mental ability to do basic work activities. 20 C.F.R. § 404.1520(c). The Commissioner has adopted a "slight abnormality" standard which provides that an impairment is "non-severe" when the medical evidence establishes only a slight abnormality that has "no more than a minimal effect on an individual's ability to work." Social Security Ruling ("SSR") 85-28. "The step two inquiry is a de mimimis screening device to dispose of groundless or frivolous claims." Orellana v. Astrue, 547 F. Sup. 2d 1169, 1172 (E.D. Wash. 2008) (citing Bowen v. Yuckert, 482 U.S. 137, 153-154 (1987)); see also Lisi v. Apfel, 111 F. Supp. 2d 103, 110 (D.R.I. 2000).

The "slight abnormality" standard requires that "[a] claim may be denied at step two only if the evidence shows that the individual's impairments, when considered in combination, are not medically severe, i.e., do not have more than a minimum effect on the person's physical or mental ability(ies) to perform basic work activities." SSR 85-28 at p. 3. "If such a finding is not clearly established by medical evidence, however, adjudication must continue through the sequential evaluation process." Id.

Here, the ALJ gave various reasons for rejecting the opinions of Plaintiff's treating providers and giving reduced weight to the findings of the state agency examining psychologist, Dr. Parsons. He relied heavily on the opinions of the state agency non-examining psychologists, Dr. Coyle and

Dr. Clifford, and his review and interpretation of subsequent treatment records not seen by the non-examining psychologists.

Plaintiff persuasively argues the ALJ erred by relying so heavily on the non-examining psychologists in this particular case because they based their opinions on a substantially and materially incomplete record. It is undisputed that the non-examining psychologists did not review any of the mental health treating source opinions and most of the mental health treatment records. They also were unaware of Plaintiff's 2015 drug relapse.

Plaintiff also persuasively argues that this case is "similar" to Judge McConnell's recent decision in Mary K. v. Berryhill, 317 F. Supp. 3d 664 (D.R.I. July 30, 2018). In Mary K., Judge McConnell remanded a case involving a Step 2 denial based primarily on non-examining physicians' opinions because the physicians had reviewed a substantially incomplete record. He also observed that those non-examiner opinions were contradicted by the claimant's treating sources and the state agency examining psychologist. Finally, he concluded that, by relying only on the opinions of doctors who did not review supplemental treatment records and treating source opinions, the ALJ improperly injected her own medical judgment about the quantity and quality of that medical evidence.

This Court agrees that the facts in this case are sufficiently similar to those in Mary K. to consider it binding guidance from the assigned District Judge. The primary distinction between this case and Mary K. is that the ALJ in this case engaged a medical expert for the hearing and the ALJ in Mary K. did not. However, Dr. Kaplan, the medical expert called in this case, was limited to testimony on "physical problems." (Tr. 134). Although Dr. Kaplan limited his testimony as directed, he did acknowledge that people with mental health issues "frequently" have more difficulty dealing with physical pain. (Tr. 137). It is also unclear whether the ALJ anticipated the need for a

medical expert to address mental health issues. When Plaintiff testified that she had "bipolar depression," the ALJ's initial response was "[n]ow, that's so weird." (Tr. 126). The ALJ asked if she was seeing anyone for this but that should have been apparent from the record. The Commissioner contends that the hearing transcript reveals that the ALJ was "clearly aware of Plaintiff's mental impairment, as he made reference to specific treatment that Plaintiff received." (ECF Doc. No. 14-1 at p. 12) (emphasis in original). Plaintiff's counsel counters as an "officer of the Court," that he was present at the hearing and that the ALJ was reviewing the claim file on a computer monitor at the relevant time and clicking on individual exhibits to open them up and inquire about them. (ECF Doc. No. 15 at p. 9). Frankly, it is impossible to know based solely on the cold record if the ALJ was prepared to address Plaintiff's mental impairments at the hearing or not. However, Plaintiff's argument is at least facially supported by the ALJ's initial comment ("[n]ow, that's so weird") and the level of specificity in the questioning is consistent with one scanning treatment records as questions are being formulated and asked. In the end, the ALJ did not engage a medical expert to address the totality of the evidence regarding Plaintiff's mental health impairments including the substantial treatment records and opinion evidence not considered by the non-examining psychologists.[1] Based on this Court's precedent in the Mary K. case, a remand for further administrative proceedings is required.

**CONCLUSION**

For the reasons discussed herein, I recommend that Plaintiff's Motion for Reversal (ECF Doc. No. 10) be GRANTED and that Defendant's Motion to Affirm (ECF Doc. No. 14) be DENIED.

---

[1] The Court also observes that Dr. Parsons' consultative report is arguably sufficient to meet the de minimis Step 2 threshold and appears to be more consistent with the treating source opinions than the non-examining psychologist opinions. In the end, the great weight of the evidence supports a Step 2 finding that Plaintiff's medically determinable mental health impairments were severe.

I further recommend that Final Judgment enter in favor of Plaintiff remanding this case for further administrative proceedings consistent with this decision.

Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of the Court within fourteen days of its receipt. See Fed. R. Civ. P. 72(b); LR Cv 72. Failure to file specific objections in a timely manner constitutes waiver of the right to review by the District Court and the right to appeal the District Court's decision. See United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).

 /s/ Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
September 11, 2018